Title: Petition for the rehearing - Question #27 in the customs broker exam April 2018

Name: Byungmin Chae

Case #: 22-2017

Date: May 5, 2023

In the **answer choice B of the question 27** "The mail packages addressed to the officials of the U.S. Government containing merchandise" are **different from the one in the 19 CFR 145.37 (C) in nature** because of the following reason.

1) The mail packages described in 19 CFR 145.37 (c ) are the ones which are believed to have only official documents but when these packages are believed and discovered to contain merchandise these packages shall be treated in the same manner as other mail articles of merchandise addressed.
   Please see the highlighted part "Such mail articles"
   So these mail packages should include both the official documents and merchandise

> (c) *Official Government documents.* Other mail articles addressed to offices or officials of the U.S. Government, believed to contain only official documents, shall be passed free of duty without issuing an entry. **Such mail articles,** when believed to contain merchandise, shall be treated in the same manner as other mail articles of merchandise so addressed.

   However, the choice B of the question 27 did not include any official documents but just included the merchandise only. And this is why you can not apply the regulation of 19 CFR 145.37 (c)

The answer choice C clearly indicates **the country of origin "official seal of France"** and this is how the correct answer has to be but the answer choice B has no country of origin like the correct answer and has no indication about the merchandise in regard to the duty and requires the presumption that all packages described in the exam are all international coming outside of the U.S. territory, **which you cannot find anywhere in the CFR 19 regulation and this is how I claim it is not clear if the mail packages quoted in choice B of the exam could be either domestic or international origin!**

As noted previously in my statement the mail packages in the choice B of the question 27 does not specify who and what type of merchandise are included in the mail article. As noted in 19 CFR 145.2 (B) (3) mail articles addressed to the designated international organizations is not subject to the customs examination if the organization certifies the mail article has no dutiable or prohibited articles under its official seal. For example, the US ambassador to the United Nations is the official of the US government and may contain some merchandise such as newspaper or magazines from other US ambassador offices worldwide in their mail packages for their record keeping purposes.

In conclusion, there is no substantial evidence in support of the denial of CBP's challenge to the denial of the credit for the response to the question. Obviously, the credit should be given for any question if there are multiple correct answers among the choices. Refusing to provide Mr. Chae with the credit for his answer to question 27 is arbitrary, unreasonable and capricious as Mr. Chae has demonstrated (a) that the question was at best ambiguous and (b) by his explanation that Mr. Chae understands the CBP's position on the relevant rules and regulations.